1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

12

13

14

15

16

17

18

19

REFUGIO VARGAS,

             Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

             Defendant.

**1:15-cv-992 GSA**

**ORDER REGARDING PLAINTIFF'S
SOCIAL SECURITY COMPLAINT**

20

21

22

23

24

25

26

27

28

I.      **INTRODUCTION**

      Plaintiff Refugio Vargas ("Plaintiff") seeks judicial review of a final decision of the

Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to

Titles II and XVI of the Social Security Act.  The matter is currently before the Court on the

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill in now the acting Commissioner of Social Security.

1

parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 19 and 24). Upon a review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence.  Accordingly, the Court affirms the agency's determination to deny benefits and denies Plaintiff's appeal.

## II.    FACTS AND PRIOR PROCEEDINGS[3]

### A.  Background

On February 22, 2012, Plaintiff filed an application for DIB and SSI, alleging disability beginning May 25, 2011. AR 17; 112-113.  His applications were denied initially and on reconsideration. AR 51-62. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 66-67.  ALJ Catherine Lazuran held a hearing on August 27, 2013 (AR 409-436), and issued an order denying benefits on December 19, 2013. AR 11-26.  Plaintiff subsequently filed an appeal with the Appeals Council.  The appeal was denied, rendering the ALJ's decision the final decision of the Commissioner. AR 5-9.  Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.  The Disability Standard

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge.  (*See* Docs. 7 and  8).
[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

he applied for work.
42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments,  (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work,  and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).

**C.      Summary of the ALJ's Decision and the Issues Presented**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 17-26.  More particularly, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, and had not engaged in substantial gainful activity since May 25, 2011, the alleged date of onset. AR 19.  Further, the ALJ identified shoulder rotator cuff tear and osteoarthritis of other areas, diabetes, and a history of valley fever as severe impairments. AR 19. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1.

AR 21.

The ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) as follows:

> The claimant can lift and carry 50 pounds occasionally and 25 pounds frequently, walk 6 hours in an eight-hour workday, sit and stand without limit, frequently climb, balance, kneel, stoop, crouch and crawl, occasionally or less than 2 hours in an eight-hour workday use the non-dominant arm to reach at shoulder level or above, and should avoid moderate exposure to fumes, odors, dusts, gases, and poor ventilation. AR 21.

At step four, the ALJ relied on the testimony of a vocational expert ("VE") Malcom Brodzinsky and found that Plaintiff was capable of performing his past occupation as a packager, Dictionary of Occupational Titles ("DOT") 920.587-018, as actually and as generally performed. AR 24-25; 432-433. The ALJ also made an alternative finding at step five, and determined that Plaintiff was capable of working as a kitchen helper (DOT 318.687-010). AR 24-25; 433-434. Accordingly, the ALJ found that Plaintiff was not disabled. AR 26.

Plaintiff challenges this decision arguing that the ALJ improperly found Plaintiff could work as a packager and kitchen helper. (Doc. 19).  In opposition, Defendant argues that the ALJ's findings are supported by substantial evidence because the ALJ and the VE considered all the limitations outlined in Plaintiff's RFC and determined Plaintiff could perform these jobs. (Doc. 24).

## III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

 "Substantial evidence means more than a scintilla but less than a preponderance."

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.*  Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## IV.   DISCUSSION

### A.  The ALJ's Decision is Supported by Substantial Evidence.

Plaintiff argues that the ALJ improperly found that he could perform work as a packager and a kitchen helper because: (1) the Plaintiff's actual past work as a packager included packing and other duties such as a machine operator, transporter, and forklift driver that the ALJ did not consider; and 2) there were conflicts between the VE's testimony and the DOT with regard to exposure to atmospheric conditions and overhead reaching that the ALJ did not address which prevents Plaintiff from performing both of these jobs given his RFC.[4]  (Doc. 19, pgs. 6 -12).  Defendant argues that the ALJ's analysis was proper because the ALJ found the Plaintiff could perform his prior work as a packager as actually and generally performed.  Additionally, the hypotheticals presented to the VE included all of Plaintiff's limitations contained in the RFC and any conflict between the VE's testimony and the DOT was properly addressed at the hearing. (Doc. 24, pgs. 4-9).

#### 1.  Legal Standards

##### a.  Step Four

At step four of the disability analysis, the claimant has the burden to prove he cannot perform his prior relevant work "either as actually performed or as generally performed in the national economy." *Carmickle v. CSS*, 533 F. 3d 1155 (9th Cir. 2005).  The DOT describes the requirements for each listed occupation DOT, App. C, 1991 WL 688702 (4th ed. 1991), and it is

---

[4] Plaintiff also argues that he cannot perform these jobs because of exposure to extreme heat/ hot temperatures,. However, this limitation is not in the RFC, and therefore this argument is misplaced. (Doc. 19, pgs. 6 and 9-11).

5

the primary source of reliable job information for jobs in the national economy. *Zavalin v. Colvin*, 778 F. 3d 842, 845-846 (9th Cir. 2015) (9th Cir. 2015); *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The DOT and and its Selected Characteristics of Occupations ("SCO") supplement may be relied upon as the rebuttable presumptive authority regarding job classifications. *Johnson v. Shalala*, 60 F. 3d 1428, 1435 (9th Cir. 1995).

While the claimant is the primary source for vocational documentation, the ALJ may also utilize a vocational expert ("VE") to assist in the step four determination as to whether a claimant is able to perform his past relevant work. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Although the burden of proof is on the claimant at step four, the ALJ still has the duty to make the requisite factual findings to support his conclusion. SSR 82–62 (1982), 1982 WL 31386.[5] In particular, an ALJ's step  four determination must contain the following: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation. SSR 82–62, 1982 WL 31386, at *4. In classifying prior work, the agency must keep in mind that every occupation involves various tasks that may require differing levels of physical exertion. It is an error for the ALJ to classify an occupation "according to the least demanding function." *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985).

b.   *Step Five*

If Plaintiff establishes that he is unable to perform his past work at step four, the burden shifts to the Commissioner at step five "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *see also* 20 C.F.R. §§ 404.1560(g), 416.920(g).

---

[5] "[Social Security Rulings] reflect the official interpretation of the [Social Security Administration] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir.2006) (quoting *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 n. 2 (9th Cir.2005)).

At this stage, the ALJ first assesses a claimant's "residual functional capacity," which is defined as the most that a claimant can do despite "physical and mental limitations" caused by his impairments and related symptoms. 20 C.F.R. §§ 404.1545, 416.945(a)(1). The ALJ then considers potential occupations that the claimant may be able to perform. *See* 20 C.F.R. §§ 404.1566, 416.966.

Similar to step four, in making this step five determination, the ALJ may rely on the DOT and testimony from a VE to assess a claimant's ability to perform certain jobs in light of his residual functional capacity. 20 C.F.R. §§ 404.1566(e); 416.966(e), 404.1569; 416.969, 404.1566(d); 416.966(d)(1); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). As part of this process, occupational information provided by a VE should generally be consistent with the DOT. SSR 00-04, 2000 WL 1898704, at *2, (Dec. 4, 2000). Furthermore, the ALJ must resolve any apparent conflict between the VE's testimony and the DOT before relying on the VE's testimony in support of a disability determination. *Id*; *Massachi v. Astrue*, 486 F. 3d 1149, 1153-1154 (9th Cir. 2007). When there is an apparent unresolved conflict between the VE and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE to support a determination or decision about whether the claimant is disabled. *Massachi*, 486 F. 3d at 1153. Neither the DOT nor the VE testimony automatically "trumps" when there is a conflict. *Id*. The adjudicator must resolve the conflict by determining if the explanation given by the VE is reasonable and provides a basis for relying on the VE testimony rather than on the DOT information. *Id*.

However, not all potential conflicts between a vocational expert's job suitability recommendation and the DOT will be apparent or obvious. *Gutierrez v. Colvin*, 844 F. 3d 804, 808 (9th Cir. 2016). In order for a difference between a VE's testimony and the DOT's listings to be fairly characterized as a conflict, it must be obvious or apparent. *Id.* This means that the

testimony must be at odds with the DOT's listing of job requirements that are essential, integral, or expected. *Id*. Where the job itself is a familiar one, less scrutiny by the ALJ is required. *Id*. Thus, an ALJ must ask follow up questions of a vocational expert only when the expert's testimony is either obviously or apparently contrary to the DOT. However, the obligation doesn't extend to unlikely situations or circumstances. *Id*. Thus, the requirement for an ALJ to ask follow up questions to determine if an actual conflict exists is fact-dependent.

          *c. Plaintiff's Work as a Packager*

      The ALJ found that Plaintiff could perform his past work as a packager as it was actually and generally performed. In doing so, she posed a hypothetical to the VE who testified that Plaintiff would be able to perform these job duties. AR 432-433. However, there are several problems with the ALJ's analysis and conclusion. First, the ALJ did not fully develop the record with regard to the specific duties Plaintiff actually performed as a packager. In fact, Plaintiff's testimony is unclear whether his work as a packager included more rigorous jobs such as transporting, or working as a forklift operator. AR 416-418 ("During the period of 13 years it was [sic] --- I was in different jobs with ADS together with the packing, with transporter and other stuff"). Prior to finding a claimant can perform past work as it actually was performed, the ALJ has an obligation to develop the record and determine exactly what tasks the claimant completed. Once the job is defined, the ALJ cannot classify an occupation "according to the least demanding function." *Valencia*, 751 F.2d at 1086. In this case, the duties Plaintiff performed as a packager are not clear, and the ALJ did not properly clarify whether Plaintiff was in fact performing other jobs that required a higher level of functioning than packaging. This was an error.

      Additionally, Plaintiff correctly points out that the DOT notes that packagers have frequent exposure to atmospheric conditions. DICOT 920.587-018, 1991 WL 687916. The SCO Appendix D defines atmospheric conditions as "exposure to such conditions as fumes, noxious

odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin." During the hearing, the ALJ asked the VE whether a person (such as the Plaintiff) who needed to avoid moderate exposure to fumes, odors, gas and poor ventilation would be precluded from performing any past relevant work as a packager and a forklift operator. AR 432-433. The VE answered no without acknowledging the apparent conflict between his testimony and the DOT which requires frequent exposure to these conditions. As a result, the VE did not explain how Plaintiff could perform this work despite the conflict.[6] AR 433. This is problematic because the ALJ never inquired whether Plaintiff was actually exposed to these environmental conditions as part of his prior work. Moreover, the conflict between the VE's testimony and the DOT is apparent for packaging jobs generally because it is foreseeable that a person working as a packager in a business could be exposed to these environmental/atmospheric conditions. Without the record being fully developed, the ALJ could not assess whether the VE's testimony was reasonable given the conflict. Therefore, the ALJ erred in finding that Plaintiff could perform work as a packager actually and as generally performed. However, as explained below, the error was harmless because the ALJ properly determined that plaintiff could work as a kitchen helper at step five. AR 433; *Molina v. Astrue*, 674 F. 3d 1104, 1111 (9th Cir. 2012) (An ALJ may not be reversed when the error is harmless).

### d. Plaintiff's Work as a Kitchen Helper

Plaintiff argues that the ALJ erred in finding Plaintiff could perform work as a kitchen helper because the DOT defines this job as requiring constant reaching. The SCO defines reaching as extending the hands and arms in any direction. SCO, Appendix D. Plaintiff asserts that he is unable to work as a kitchen helper because the RFC limits overhead reaching with his

---

[6] The Court notes that previously in the hearing, the VE told the judge he would explain when his testimony was not consistent with the DOT. AR 432. However, despite this statement, the VE failed to recognize a conflict existed here.

non-dominant hand to less than two hours.[7] Therefore, the ALJ erred in finding Plaintiff could perform this job. (Doc. 19, pgs. 6 -12). The Court disagrees.

Here, the ALJ included Plaintiff's reaching limitation in the hypothetical posed to the VE. AR 432-433.  The VE did not acknowledge any conflict with DOT and testified that Plaintiff could work as a kitchen helper. AR 432-433. However, as explained above, an ALJ's duty to inquire about a conflict between the DOT and a VE's testimony is fact specific and is only required when it is either obviously or apparently contrary to the DOT – the obligation doesn't extend to unlikely situations or circumstances. *Gutierrez*, 844 F.3d at 808. In fact, when contemplating the exact issue of whether frequent reaching would include overhead reaching, the Ninth Circuit examined "whether overhead reaching is such a common and obvious part of cashiering (the job at issue in that case), that the ALJ should have recognized a conflict and questioned the expert more closely before concluding that a Plaintiff with overhead reaching limitation in one arm could work as a cashier." *Id*. at 807. The Court concluded the conflict was not obvious and no further inquiry was required. *Id.* at 809.

Similar to cashiering, it is not obvious that the job of kitchen helper (which is a familiar job) requires overhead reaching, especially since Plaintiff's limitation only restricts the use of his non-dominant hand for less than two hours out of an eight hour day. The DOT defines the duties of a kitchen helper as keeping kitchen work areas and restaurant equipment clean and orderly; sweeping and mopping floors; washing worktables, walls, refrigerators, and meat blocks; removing trash and garbage; sorting bottles; washing pots and pans; scraping food from dirty dishes and washing them by hand or placing them in racks; polishing silver; holding glasses over revolving brushes to clean inside surfaces; transferring supplies and equipment between storage

---

[7] Plaintiff also argues that he could not perform work as a packager because packaging also requires constant overhead reaching.  However, in light of the Court's other rulings regarding work as a packager, it need not address Plaintiff's arguments regarding overhead reaching for this job.

and work areas by hand or by use of hand truck; setting up banquet tables; washing and peeling

vegetables; and loading trucks delivering supplies and food. DICOT 318.687-010, 1991 WL

672755.  With the exception of loading trucks and washing walls, none of these duties appear to

require overhead reaching thereby making the conflict between the VE testimony and the DOT so

apparent the that ALJ needed to ask additional questions.  Although the Plaintiff has argued to the

contrary, the Court is not persuaded.  When the evidence is susceptible to more than one rational

interpretation, the ALJ's findings must be upheld if they are supported by inferences reasonably

drawn from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  That is the

case here. In making this determination, the Court notes that the VE testified that it would be

difficult to find other medium jobs in addition to kitchen helper, that did not require frequent over

the shoulder reaching. AR 433. This testimony suggests the VE was aware of the overhead

reaching limitation and nonetheless determined that the Plaintiff could perform this job.  AR 433.

Given these facts, the ALJ was entitled to rely on the VE's experience to account for this

particular job's requirements.  SSR 00-04P, 2000 WL 1898704.  Accordingly, the ALJ properly

determined that Plaintiff could work as a kitchen helper.

///

///

///

///

///

///

///

///

///

V.      **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is based on proper legal standards.  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor Nancy A. Berryhill, Commissioner of Social Security and against Plaintiff Refugio Vargas, and close this action.


IT IS SO ORDERED.

Dated:   **February 3, 2017**                          **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE