1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

REFUGIO VARGAS,

                 Plaintiff,

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

                 Defendant.

**1:15-cv-992 GSA**

**ORDER DENYING PLAINTIFF'S
MOTION TO AMEND THE JUDGMENT**

**(Doc. 28)**

21

22

23

24

25

26

27

28

I.     **INTRODUCTION**

     On June 19, 2015, Plaintiff Refugio Vargas ("Plaintiff") filed a complaint seeking judicial

review of a final decision of an administrative law judge's ("ALJ") denial of his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to

Titles II and XVI of the Social Security Act. (Doc. 1).  On February 3, 2017, the Court issued an

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill in now the acting Commissioner of Social Security.

1

order affirming the ALJ's decision and entered a judgment in favor of the defendant, Nancy

Berryhill, and against Plaintiff. (Docs. 26 and 27).  On February 21, 2017, Plaintiff timely filed a

Motion to Amend the Judgment pursuant to Rule 59 (Doc. 28), which the Commissioner of

Social Security ("the Commissioner" or "Defendant") opposed. (Doc. 30).  Plaintiff filed a Reply

on April 4, 2017. (Doc. 31). For the reasons set forth below, Plaintiff's motion is DENIED.

## II.     FACTS AND PRIOR PROCEEDINGS[2]

### A.  Background

In the appeal to this Court, Plaintiff argued that the ALJ improperly found he could work

as a packager and kitchen helper because the ALJ did not properly acknowledge that there was a

conflict between the vocational expert's ("VE") opinion and the Dictionary of Occupational

Titles ("DOT").  Specifically, he contended that pursuant to the DOT, a kitchen helper and a

packager are required to constantly reach in all directions and that the VE and the ALJ erred in

finding he could perform these jobs notwithstanding that Plaintiff had a limitation of occasionally

(less than two hours in an eight hour day) reaching at shoulder length or above with his non-

dominant arm.[3] (Doc. 19).

The Court found that the ALJ improperly determined that Plaintiff could perform his past

work as a packager. However, that the error was harmless because Plaintiff could perform work

as a kitchen helper. (Doc. 26).  In doing so, the Court applied the standards outlined in *Gutierrez*

*v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016), and explained that an ALJ's duty to inquire about a

conflict between the DOT and a VE's testimony is fact-specific and is only required when the

conflict is either obviously or apparently contrary to the DOT. (Doc. 26, pgs. 6-8).  The Court

examined the duties of a kitchen helper and concluded that similar to *Gutierrez*, the ALJ did not

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[3] Plaintiff's main argument in this case is that the ALJ erred in finding that he could perform his past relevant work as a packager based on other reasons not relevant for purposes of this motion.

err since it was not obvious that the job of kitchen helper requires overhead reaching, especially as Plaintiff's limitation only restricted the use of his non-dominant hand for less than two hours in an eight hour day. (Doc. 26, pg. 10). The Court found that the ALJ's decision applied the proper legal standards and was supported by substantial evidence. In the instant motion, Plaintiff argues that the Court erred in its analysis and requests that the judgment be amended.

### III.    DISCUSSION

#### A.  *Legal Standard*

District courts may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. While Rule 59(e) allows for an amendment, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources'." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003) quoting 12 J*ames Wm. Moore et al., Moore's Federal Practice* § 59.30 [4] (3d ed. 2000). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law." *Turner v. Burlington Northern Santa Fe Railroad Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999)). A motion to amend judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5, 128 S.Ct. 2605 (2008).

#### B.  *The Court Did Not Clearly Err*

Although not entirely clear from Plaintiff's motion, he appears to argue that the Court's decision is based on a manifest error because it mischaracterized his argument and focused on

whether Plaintiff could occasionally reach overhead with his non-dominant arm as opposed to

Plaintiff's actual limitation which included occasional reaching *at shoulder level or above*. (Doc.

28, pgs. 4-6 and Doc. 31, pgs. 3-6). He also argues that a review of the VE's testimony reveals

that the VE similarly misunderstood the limitation, and therefore erroneously gave testimony that

a kitchen helper did not require more than overhead reaching as opposed to reaching at shoulder

level or above. *Id*.

Plaintiff's distinction that this limitation entails reaching at shoulder level or above as

opposed to overhead reaching does not change the Court's analysis or conclusion. First,

Plaintiff's arguments with regard to this issue as it pertains to the kitchen helper job were vague

in his initial pleadings.[4] Second, the Court understood Plaintiff's limitation as it clearly articulated

it in it's decision when discussing Plaintiff's Residual Functional Capacity ("RFC").[5] Finally, a

review of the transcript of the administrative hearing reveals that the VE also understood the

limitation. During the hearing, the ALJ presented a hypothetical to the VE that included the

limitation of using the left non-dominant arm to reach at shoulder level or above for less than two

hours in an eight-hour day. AR 432. The VE testified that a worker with this limitation could

work as a packager. AR 433. However, the ALJ asked the VE to give him an example of one or

two jobs that a person with these limitations could do. AR 432-433. The VE stated, "At the

---

[4] Plaintiff's Opening Brief in this case focused mainly on the ALJ's finding that Plaintiff could perform his past work as a packager. The arguments regarding the kitchen helper job were much less developed. (Doc. 19, pgs. 6-12). Moreover, Plaintiff did not file a Reply brief in this case, nor did he file supplemental briefing to alert the Court that the Ninth Circuit had published the *Gutierrez* decision, which was precedential authority affecting this case.

[5] When discussing the ALJ's findings the Court stated :

> The ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) as follows:

> The claimant can lift and carry 50 pounds occasionally and 25 pounds frequently, walk 6 hours in an eight-hour workday, sit and stand without limit, frequently climb, balance, kneel, stoop, crouch and crawl, *occasionally or less than 2 hours in an eight-hour workday use the non-dominant arm to reach at shoulder level or above*, and should avoid moderate exposure to fumes, odors, dusts, gases, and poor ventilation. (Doc. 26, pg. 4).

medium level such a hypothetical individual could be a kitchen helper – 318.687-010 unskilled, SVP 2 and medium physical demand. It is basically a dishwasher, but they do other activities as well in the kitchen. There are in the national economy in excess of half a million such positions, and in the State of California 67,000 plus positions." AR 433.

It is clear from this testimony that the VE believed that Plaintiff could perform the work as a kitchen helper despite his ability to only occasionally reach at shoulder level or above for less than two hours per day with his non-dominant hand. Plaintiff correctly points out that after the VE identified the kitchen helper job, the VE stated, "it is real difficult to identify medium jobs that do not have reaching above shoulder frequently." AR 433. The VE indicated that he would need to go to the light level to find additional jobs that Plaintiff could perform. AR 433. The ALJ did not ask for additional jobs, although the VE's testimony suggested that more would be available if he considered light work – which Plaintiff could presumably perform since his RFC only restricted him to medium work.

Although Plaintiff argues that the above statement is proof that the VE incorrectly understood the limitation, the Court disagrees. The VE clearly responded to the hypothetical posed by the ALJ, and his response included the appropriate limitation. AR 432. Moreover, applying the principles as set forth in *Gutierrez*, Plaintiff's limitation of reaching at shoulder level or above with his non-dominant hand does not appear to be at odds with the essential and integral duties of a kitchen helper. *Gutierrez*, 844 F. 3d at 808. The DOT defines the duties of a kitchen helper as keeping kitchen work areas and restaurant equipment clean and orderly; sweeping and mopping floors; washing worktables, walls, refrigerators, and meat blocks; removing trash and garbage; sorting bottles; washing pots and pans; scraping food from dirty dishes and washing them by hand or placing them in racks; polishing silver; holding glasses over revolving brushes to clean inside surfaces; transferring supplies and equipment between storage and work areas by

5

hand or by use of hand truck; setting up banquet tables; washing and peeling vegetables; and

loading trucks delivering supplies and food. DICOT 318.687-010, 1991 WL 672755. With the

exception of loading trucks and washing walls, none of these duties appear to require reaching at the

shoulder level or above thereby making the conflict between the VE testimony and the DOT so

apparent the that ALJ needed to ask additional questions. As noted in this Court's decision, similar to

*Gutierrez*, it is significant that this limitation only affects Plaintiff's non-dominant arm. *Gutierrez*,

844 F. 3d at 809 n.2 (noting that a reaching restriction would not prevent reaching overhead with the

left arm). Moreover, Plaintiff is not totally precluded from lifting at shoulder level or above with his

non-dominant arm, but can do so for less than two hours in an eight-hour workday. Given these facts,

Plaintiff has failed to establish that the conflict between the DOT's description of a kitchen helper

(which requires constant reaching) and the VE's testimony was so apparent or obvious that the ALJ

was required to further address the inconsistency at the hearing. Although Plaintiff has presented

alternate reasoning, when the evidence is susceptible to more than one rational interpretation, the

ALJ's findings must be upheld if they are supported by inferences reasonably drawn from the record.

That is the case here. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Therefore, the

ALJ's findings were proper and the Court will not alter its ruling.

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION AND ORDER

Plaintiff has not offered new facts, additional evidence, or identified a change in the law that warrants amending the judgment. Similarly, the fact that Plaintiff does not agree with the Court's analysis does not meet the high standard of a manifest error or a miscarriage of justice that is required for the extraordinary remedy of reversal or modification of the judgment in this case.  Accordingly, the Motion to Amend the Judgment (Doc. 28) is DENIED.

IT IS SO ORDERED.

Dated:   **May 12, 2017**                        **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE